IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JONATHAN MORTON | § | |
| v. | § | CIVIL ACTION NO. 5:17cv217 |
| JESUS ESTRADA, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jonathan Morton, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Lt. Jesus Estrada, two unknown TDCJ-CID officers identified as "John Doe (1)" and "John Doe (2)," Warden Joseph Wilson of the Telford Unit, and Assistant Regional Director B. Howard.

**I. The Plaintiff's Claims**

In his amended complaint, Plaintiff contended the two unknown John Doe defendants entered his cell on April 18, 2017, by order of Lt. Estrada. The officers carried out what Plaintiff termed an unreasonable seizure of his property. According to Plaintiff, a substantial amount of his property was lost as a result. He filed grievances, but these were denied by Warden Wilson and Assistant Regional Director Howard. The denials of these grievances stated a settlement offer was rejected by Plaintiff, but Plaintiff disputes this assertion. The Court accepts Plaintiff's version of events as true.

1

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed. The Magistrate Judge stated a random and unauthorized deprivation of a liberty or property interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy, citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991).

This means deprivations of property by prison officials, even when intentional, do not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The Magistrate Judge went on to explain the Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. Tex. Gov. Code Ann. art. 501.007 (Vernon Supp. 1994); *see also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994).

The Magistrate Judge determined Plaintiff's allegations involved a random and unauthorized deprivation of property. Because adequate state post-deprivation remedies exist, the Magistrate Judge concluded the lawsuit should be dismissed for failure to state a claim with prejudice to its refiling in federal court, but without prejudice to Plaintiff's right to seek such state post-deprivation remedies as may be available. The Magistrate Judge also determined to the extent Plaintiff complained of the denial of his grievances by Warden Wilson and Assistant Regional Director Howard, this allegation likewise failed to state a claim upon which relief may be granted.

## III. The Plaintiff's Response to the Magistrate Judge's Report

Plaintiff filed a response to the Report stating he has read the Report completely and understands his proper avenues for relief are in the state judicial system or the TDCJ-CID administrative procedures. He denies turning down a settlement offer made to him by the prison authorities but explains the officer who brought him the offer simply told him she could not hear him and walked away while he was trying to talk to her about it. The conclusion to Plaintiff's response reads as follows:

> The Plaintiff understands the Honorable United States Magistrate Judge's Report and recommendation and is in agreement with all that is said, but what the Plaintiff asserts herein. The Plaintiff does not wish to appeal or go further with this action in federal court, but is wishing that this court rendering [sic] him a letter of allowance of his property claim to be filed in Texas state judicial system and / or through the Texas Department of Criminal Justice - Institutional Division administrative process for relief in this matter. Please. No objections.

**IV. Discussion**

Plaintiff specifically states he has no objections to the Magistrate Judge's Report and has no objections. Consequently, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

Plaintiff asks for a "letter of allowance" for his claim to be filed in state court or the TDCJ administrative procedures. No such formal document exists in this context. The dismissal of Plaintiff's lawsuit without prejudice to Plaintiff's right to seek relief in state court or through the administrative processes of TDCJ-CID means Plaintiff is allowed to pursue these remedies. A federal court order dismissing a case "without prejudice" means the order permits the initiation of a second action. Wright & Miller, *Federal Practice & Procedure*: Civil 2nd § 2367 at 319 (1995); *Committee for Effective Cellular Rules v. Federal Communications Commission*, 53 F.3d 1309, 1318 (D.C. Cir. 1995) (dismissal without prejudice is commonly used "only to denote that no bar exists to refiling an application at the appropriate time and in the appropriate manner.")

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** the Report of the Magistrate Judge (docket no. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim as to its refiling in federal court, but without prejudice as to any claims in state court or through the administrative processes of TDCJ-CID which Plaintiff may elect to pursue. Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED.**

**So ORDERED and SIGNED this 21st day of August, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE